So Ordered.

Signed this 10 day of December, 2024.





_____

Wendy A. Kinsella
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:                                                                        Case No. 24-30465-5-wak

Thomas William Pritchard,                                          Chapter 7

                    Debtor.                                                   HON. Wendy A. Kinsella
-------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 362(d)(1) & (d)(2)**
<u>**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**</u>

Upon the motion, filed September 13, 2024, (the "Motion"), by PHH MORTGAGE CORPORATION AS SERVICER FOR The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass Through Certificates Series 2004-KS10 (with any subsequent successor or assign, the "Creditor"), for an order, pursuant to section 362(d)(1) and (d)(2), of title 11 of the United States Code (the "Bankruptcy Code") vacating the automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code as to the Creditor's interests in the property located at 5107 Old Barn Road, Clay, New York 13041 (the "Property") to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and due and proper notice of the Motion having been made on all necessary parties; and the Motion having gone unopposed; and

upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby:

**ORDERED** that the Motion is granted as provided herein; and it is further

**ORDERED** that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d) of the Bankruptcy Code as to the Creditor's interests in the Property to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and it is further

**ORDERED** that notices and communications may be sent directly to the debtor(s) as required by law; and it is further *JWAK*

**ORDERED** that Creditor and debtor(s) may engage in loss mitigation, including negotiation of a short sale, deed-in-lieu of foreclosure and related forms of loss mitigation relief; and it is further *JWAK*

**ORDERED** that the case trustee be added as a necessary party to any foreclosure proceedings so as to receive notice of the report of sale and any surplus money proceedings, and, closure of the bankruptcy case shall not constitute an abandonment of the trustee's interest, if any, in any surplus proceeds; and it is further *JWAK*

**ORDERED** that the Creditor shall promptly report and turn over to the Trustee any surplus monies realized upon sale of the Property; and it is further

**ORDERED** that this Order is binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Bankruptcy Code; and it is further

**ORDERED**, that Movant attorney's fees of $450.00, if granted on default, and costs of $199.00, are awarded for the prosecution of this Motion, but are not recoverable from the Debtor or the Debtor's Bankruptcy estate.

**ORDERED** that the 14-day stay of enforcement of this Order pursuant to Fed. R. Bankr. P. 4001(a)(3) is waived.

# # #